UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-mc-23715-WILLIAMS

RICHARD I. CLARK, et al.,

    Appellants,

vs.

MICHAEL R. BAKST and
GEORGE STEVEN FENDER,

    Appellees.
_____/

## ORDER

THIS MATTER is before the Court on Appellant's Motion for Leave to File Appeal of Bankruptcy Order. [D.E. 1]. The Court requested additional briefing on the issue of mandatory versus permissive abstention, which the Parties have filed. [D.E.s 8, 9]. The matter is now ripe for disposition. The Motion for Leave to Appeal is GRANTED IN PART and DENIED IN PART.

## I. Background

Appellants filed a Motion for Leave to Appeal the Bankruptcy Court's Order Denying Plaintiff's Motion for Remand and For Abstention of State Court Action and Order Denying Motion for Rehearing of Order Denying Plaintiff's Motion for Remand and for Abstention. [D.E. 1]. Appellants argue that the Bankruptcy Court lacked subject matter jurisdiction to hear the action and that the Bankruptcy Court should have abstained and remanded the case to state court.

1

The underlying state action was filed in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida (Case No. 11-009808) (the "State Action"). *Id.* The State Action complaint alleged (1) conspiracy to obstruct the due operation of law and deprive Plaintiffs of their right to a fair trial, and (2) fraudulent corruption of the judicial process. *Id.* Plaintiffs (Appellants in the instant action) seek attorneys' fees and costs they allegedly incurred while litigating the recusal of United States Bankruptcy Judge John K. Olson from the underlying bankruptcy case. Judge Olson recused himself on October 28, 2010. *In re: Trafford Distributing Center, Inc.*, Case No. 11-23492-AJC [D.E. 139]. The case is now pending before the Honorable A. Jay Cristol.

In the State Action, Appellants claimed that the Appellees conspired to improperly influence Judge Olson in the underlying bankruptcy action. Mot. at 5. Appellees removed the underlying state action to the Bankruptcy Court, stating in their removal petition that the issues in the State Action "all relate to and indeed, arise in, the main bankruptcy case and the course of its administration, the Adversary Cases, the litigation of those Adversary Cases, the Final Judgments in those Cases, how they were obtained, the Motion to Vacate Final Judgment, and the alleged underlying bias by Judge Olson in entering the Final Judgments." Notice of Removal, ¶ 54. Appellants then filed a Motion for Remand and Abstention, which Judge Cristol denied. This appeal followed.

## II. Analysis

The issue before the Court is whether Appellants can properly appeal the issue of remand and abstention on an interlocutory basis, or must wait until the completion of the litigation. The appealability analysis centers on the type of abstention that the

2

bankruptcy court employed in retaining jurisdiction or remanding the case. For cases removed to a bankruptcy court pursuant to 29 U.S.C. § 1452(a), like this one, abstention is mandatory under the terms provided by 28 U.S.C. § 1334(c)(2):

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Even if a case does not meet the requirements of § 1334(c)(2) for mandatory abstention, a court may permissively remand or abstain under § 1452(b) and § 1334(c)(1).[1]

Although there is some conflict between courts, this district has found that while mandatory abstention is an immediately appealable issue, permissive abstention is not. *Sirius Computer Solutions, Inc. v. AASI Creditor Liquidating Trust*, 2011 WL 3607653 at *1 (S.D. Fla. 2011). Here, the Appellants' Motion for Abstention and Remand included requests for both permissive and mandatory abstention. Case No. 11-01999-AJC [D.E. 16]. The Bankruptcy Court did not distinguish between the two forms of abstention in its order, but did find that this matter "is a civil proceeding arising under title 11 of the United States Code, or arising in or related to a case under title 11." [D.E. 1, Ex. A at 2]. Such language indicates that the Bankruptcy Court considered both mandatory and permissive abstention and denied the Motion to Remand on both grounds. Because

---

[1] "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

3

neither the Bankruptcy Court Order nor the briefing on the Motion for Leave to Appeal focused on the distinctions between the two types of abstention and the resulting difference in whether the order was immediately appealable, the Court ordered additional briefing, which has clarified the issues. The Appellants appear to have conceded that their permissive abstention claim is not ripe for appeal ("Appellants recognize that, in accordance with the decision in Sirius Computer Solutions, this Court shall restrict review of the Bankruptcy Court's Orders to a consideration of mandatory abstention." Appellants' Re-Brief on Motion for Leave to Appeal at 6 [D.E. 9]). Appellees explained that the lack of discussion of mandatory abstention in their brief and the request that the Motion for Leave to Appeal be denied as moot as to mandatory abstention was due to their understanding that mandatory abstention is an immediately appealable issue pursuant to Sirius Computer Solutions. While the Appellees ably advocate in their re-brief that this Court should break from Judge Moreno's finding that mandatory abstention is immediately appealable, the Court declines to do so, finding Judge Moreno's decision to be supported by relevant case law. See Gentry v. Gentry, 207 B.R. 136, 149 (E.D. Ky. 1997) (citing In re Holtzclaw, 131 B.R. 162 (E.D. Cal. 1991)).

Therefore, the Motion for Leave to Appeal is DENIED IN PART (as to permissive abstention) and GRANTED IN PART (as to mandatory abstention). Appellant is ORDERED to file their initial brief by March 9, 2012. Appellee is to respond by March 23, 2012. This case is set for oral argument on Tuesday, April 3, 2012 at 2:00 P.M. in the Miami Division.

4

DONE AND ORDERED in Chambers, at Miami, Florida, this 24th day of February, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE